FILED
 2012 Feb-29  PM 12:51
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| SUSAN F. WEBER, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Civil Action Number |
| HUNTSVILLE CITY | ) **5:11-cv-3169-AKK** |
| DEPARTMENT OF | ) |
| LANDSCAPE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Huntsville City Department of Landscape ("City") and Joy McKee's ("McKee") (collectively "Defendants") motion for partial judgment on the pleadings.  Doc. 18.  Based on the reasons stated more fully below, Defendants' motion is **GRANTED in part** and **DENIED in part**. Plaintiff Susan F. Weber ("Weber") may continue to pursue her claims against the City under the Americans with Disabilities Act, 42 U.S.C. § 12101, the Age Discrimination in Employment Act, 29 U.S.C. § 621, Title VII, 42 U.S.C. § 2000e, and Alabama's Age Discrimination in Employment Act, Ala. Code § 25-1-22; however, Weber is prohibited from recovering punitive damages against the City. Weber may also continue to seek relief against McKee for intentional infliction of emotional distress under Alabama law.

I.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." The Eleventh Circuit instructs that when considering a motion for judgment on the pleadings, the district court must accept "the facts in the complaint as true and view[] them in the light most favorable to the nonmoving party." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002). In doing so, "'[j]udgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)). Stated differently, "[j]udgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

Additionally, Rule 12(c) may be used "as an auxiliary device that enables a party to assert certain procedural defenses after the close of pleadings." *316, Inc. v. Md. Cas. Co.*, 625 F. Supp. 2d 1179, 1181 (N.D. Fla. 2008) (citations and quotation marks omitted). Thus, a "motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is governed by the same standards as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Id.* (citing *Horsley*, 304 F.3d at 1131). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1950. This demands "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and the Eleventh Circuit establishes that Rule 12(b)(6) "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.   FACTUAL AND PROCEDURAL HISTORY[1]

This action arises from Weber's employment with the City of Huntsville. *See generally* doc. 11.  The City hired Weber, currently 61 years old, in July 2003 as a Park Naturalist in the Department of Recreation. *Id.* at 4.  Thereafter, the City reassigned Weber to the position of City Ecologist in August 2006 and transferred Weber- as the City Ecologist- to the Department of Landscape Management in April 2008. *Id.*

Weber suffers from a "chronic disability," and she took Family Medical

---

[1] The court agrees with Defendants that, in this Fed. R. Civ. P. 12(c) motion, there are no factual disputes, and the court is required to accept the facts pled in Plaintiff's First Amended Complaint as true.  *See* doc. 22, at 1 n.1; *see generally* doc. 20-1, at 2-5.

Leave for an operation from December 2009 until February 2010.  Weber returned to work with a temporary restriction that required certain accommodations, which the City allegedly failed to provide.  *Id.*  In June 2010, the City, through McKee, placed Weber in a secluded basement office and limited her to conducting research and preparing grant proposals.  The next month, the City demoted Weber from City Ecologist to Park Naturalist.  *Id.* at 5.  As a result, Weber filed a grievance against the City and McKee on July 23, 2010, but the City's Human Resources Department purportedly failed to address or investigate Weber's grievance causing it to be denied on a technicality.  *Id.*  Finally, Weber claims that "[o]n or about October 6, 2010, the Defendant locked the Plaintiff out of the administrative office, thereby preventing Plaintiff from having access to log in and out her time as required per policy, however all other employees have been provided keys to this office."  *Id.* at 5-6.

Weber filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 12, 2010, alleging disability, sex, and age discrimination.  *Id.* at 6.  After receiving her Right to Sue letter, Weber filed her original complaint in this court against the City and McKee on August 31, 2011.  *See* doc. 1.  Both Defendants moved to dismiss, docs. 5, 6, and, on October 28, 2011, this court granted Weber leave to file an Amended Complaint. *See* doc. 11.  Weber's Amended Complaint alleges seven claims against the City and McKee: (I) disability discrimination in violation of the Americans with Disabilities Act ("ADA"), Title VII, and § 1983; (II) age discrimination in

violation of the Age Discrimination in Employment Act ("ADEA"); (III) age discrimination in violation of Alabama's Age Discrimination in Employment Act ("AADEA"); (IV) sex discrimination in violation of Title VII; (V) retaliation; (VI) mental and emotional distress; and (VII) public sector discrimination in violation of 42 U.S.C. § 1983.  *Id.*  Defendants answered this Amended Complaint, docs. 12, 13, and also filed a motion for partial judgment on the pleadings, doc. 18.  This motion is fully briefed, docs. 21, 22, and ripe for review.

### III.   ANALYSIS

Defendants move for judgment on the pleadings regarding Weber's (a) disability discrimination claims brought pursuant to Title VII and § 1983, (b) state law claim for emotional distress, (c) "public sector" discrimination claims under § 1983, and (d) demand for punitive damages against the City.  *See* doc. 19, at 3.  The court address each separately below.

*A.     Disability Discrimination Claims Pursuant to Title VII and § 1983*

Count I of Weber's Amended Complaint seeks relief under the ADA, as amended, doc. 11, at 6, but Count I also asserts violations of Title VII and 42 U.S.C. § 1983 for Defendants' alleged disability discrimination, *id.* at 7.  Defendants contend that, while Weber's claim alleging disability discrimination under the ADA is facially proper, her claims regarding such discrimination under Title VII and § 1983 are not.  Doc. 19, at 6.  It appears that Weber agrees, *see* doc. 20-1, at 6-7, and indeed, the ADA, as amended, provides the sole federal remedy for disability discrimination.  *See Holbrook v. City of Alpharetta, Ga.*, 112 F.3d

1522, 1531 (11th Cir. 1997) (holding that plaintiffs may not seek relief for the same alleged acts of discrimination under both the ADA and § 1983); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) ("Title VII does not proscribe discrimination on the basis of disability."). As such, Defendants' motion is **GRANTED** in that Weber may not pursue a claim for disability discrimination under Title VII or § 1983.

B.   *Intentional Infliction of Emotional Distress*

In Count VI of the Amended Complaint, Weber alleges that "Defendant's actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress." Doc. 11, at 11. The City argues that this claim is due to be dismissed because "a municipality may not be liable for any intentional torts under Alabama law." Doc. 19, at 7.

A claim for intentional infliction of emotional distress is a state common law tort. *See Chaney v. Ala. West-AL, LLC*, 22 So. 3d 488, 498 (Ala. Civ. App. 2008). As it relates to municipal liability under Alabama state law, "[n]o city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty." Ala. Code § 11-47-190. As such, "[b]y statute, a city's liability is limited to negligence-based claims only," *Roberts v. City of Geneva*, 114 F. Supp. 2d 1199, 1213 (M.D. Ala. 2000), and a claim of intentional infliction of emotional

distress is necessarily based upon intentional, as opposed to negligent, conduct. *Id.* Therefore, Weber may not pursue a claim for intentional infliction of emotional distress against the City, and the court **GRANTS** the City's motion to dismiss this claim. *See Walker v. City of Huntsville*, 62 So. 3d 474, 501-02 (Ala. 2010).

However, Weber *may* continue to pursue her claim for intentional infliction of emotional distress against McKee because Defendants' assertion that Count VII "is the only claim asserted against McKee," doc. 19, at 8 n.3, is unfounded. Because Defendants' motion fails to squarely address the emotional distress claim against McKee, this claim remains, *see* doc. 19, at 7-8; doc. 22, at 3, and the motion to dismiss Count VI, as it relates to McKee, is **DENIED**.[2]

C.      *§ 1983 Discrimination Claims*

Weber also alleges § 1983 violations against the City and McKee. Doc. 11, at 12-13 (Count VII). Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any

---

[2] On the other hand, Weber may not—as a matter of law—recover against McKee under the ADA, ADEA, AADEA, or Title VII (Counts I, II, III, and IV). *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (holding that the ADA "does not provide for individual liability, only for employer liability"); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (finding that the ADEA limits civil liability to the employer); Ala. Code § 25-1-22 (liability under AADEA limited to "*employer*" practices); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act.").

citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983. Accordingly, Weber seeks to recover under § 1983 for Defendants' alleged ADEA, ADA, and Title VII violations. Doc. 11, at 12. However, these federal statutes provide the exclusive federal remedy for the respective type of discrimination covered, and Weber may not utilize any purported violations of these statutes to recover under § 1983.

As it relates to the ADA, this statutory scheme for disability discrimination "provide[s] [an] extensive, comprehensive remedial framework[]." *Holbrook*, 112 F.3d at 1531. "To permit a plaintiff to sue both under the substantive statutes that set forth detailed administrative avenues of redress as well as section 1983 would be duplicative at best; in effect, such a holding would provide the plaintiff with two bites at precisely the same apple." *Id.* As such, the Eleventh Circuit instructs that "a plaintiff may not maintain a section 1983 action in lieu of-or in addition to-a[n] . . . ADA cause of action if the only alleged deprivation is of the employee's rights created by . . . the ADA." *Id.* Thus, Weber may not base her § 1983 action on alleged violations of the ADA.

Similarly, the "ADEA constitutes [the] exclusive remedy for age discrimination in federal employment." *Ray v. Nimmo*, 704 F.2d 1480, 1485 (11th Cir. 1983) (citing in parenthetical *Paterson v. Weinberger*, 644 F.2d 521, 524-25 (5th Cir. 1981)). Put differently, "by establishing the ADEA's comprehensive

scheme for the resolution of employee complaints of age discrimination in federal employment, Congress clearly intended that all such claims of age discrimination be limited to the rights and procedures authorized by the Act . . . ." *Paterson*, 644 F.2d at 525. Accordingly, Weber may not base her § 1983 action against Defendants on alleged violations of the ADEA.

Finally, "an allegation of a Title VII violation cannot provide the sole basis for a § 1983 claim." *Arlington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998). "It would be anomalous to hold that when the unlawful employment practice consists of the violation of a right created by Title VII, the plaintiff can by-pass all the administrative processes of Title VII and go directly into court under § 1983." *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1204 (6th Cir. 1984); *see also Holbrook*, 112 F.3d at 1531 (citing *Day*). Here, Weber fails to assert any other constitutional violations—for example, violation of the equal protection clause, *see* doc. 11, at 12—and thus, her alleged discrimination under Title VII, standing alone, cannot support a § 1983 action. *Arlington*, 139 F.3d at 872.

In sum, "a plaintiff alleging a violation of a federal statute will be permitted to sue under section 1983 unless '(1) the statute does not create enforceable rights, privileges, or immunities within the meaning of § 1983 or (2) Congress has foreclosed such enforcement of the statute in the enactment itself.'" *Holbrook*, 112 F.3d at 1530 (quoting *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990)). The statutory schemes found in the ADA, ADEA, and Title VII foreclose a plaintiff's ability to sue under § 1983 for violations of these Acts. Thus, while Weber may

seek recovery against the City for her ADA, ADEA, and Title VII claims, *see generally* doc. 11 (counts I, II, IV), Weber may not also seek recovery under § 1983 for the exact same purported discrimination.  Moreover, Weber's § 1983 claim against McKee similarly derives from alleged violations of the ADA, ADEA, and Title VII.  *See* doc. 11, at 12-13.  However, as stated *supra*, at *7 n.2, there is no viable cause of action against individual employees under the ADA, ADEA, or Title VII.  As Weber fails to assert any plausible grounds for relief under § 1983, the court **GRANTS** Defendants' motion to dismiss count VII.

D.     *Punitive Damages Against the City*

Based on the aforementioned reasons, Weber may continue to pursue her ADA, ADEA, AADEA, and Title VII claims against the City and her intentional infliction of emotional distress state law claim against McKee.  However, the ADA, ADEA, Title VII, and Alabama state law explicitly prohibit Weber from recovering punitive damages against the City.  First, 42 U.S.C. § 1981a(b)(1) precludes punitive damages against governmental entities for violation of the ADA or Title VII.  *Id.* ("A complaining party may recover punitive damages under this section against a respondent *(other than a government, government agency or political subdivision)* if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.") (emphasis added).  *See also Erickson v. Hunter*, 932 F. Supp. 1380, 1386 (M.D. Fla. 1996) ("Punitive damages are available in discrimination actions,

provided that they are not against the government or a governmental agency."). Second, punitive damages are not available under the ADEA. *See Dean v. Am. Sec. Ins. Co.*, 559 F.2d 1036, 1040 (5th Cir. 1977) ("[N]either general damages nor punitive damages are recoverable in private actions posited upon the ADEA.").[3] Finally, Alabama law proscribes the award of punitive damages against Alabama municipalities. Ala. Code § 6-11-26 ("Punitive damages may not be awarded against the State of Alabama or any county or municipality thereof, or any agency thereof . . . ."). Therefore, the court **GRANTS** the City's motion as it relates to prohibiting Weber's recovery of punitive damages against the City.

    **DONE** the 29th day of February, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).